UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| JOSEPH REEVES, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 14-16-ART |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT FARLEY, *Warden*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Joseph Reeves is an inmate confined at the United States Penitentiary-Big Sandy in Inez, Kentucky. Proceeding without an attorney, Reeves filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. R. 1.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). At this stage, the Court accepts the petitioner's factual allegations as true, and liberally construes his claims in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000). Moreover, the Court evaluates Reeves's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).

On March 13, 2001, Reeves pled guilty to assaulting two corrections officers at the Federal Correctional Institution in Ray Brook, New York, in violation of 18 U.S.C. § 111(a)(1).

1

Reeves was sentenced to an eight-month term of incarceration. Reeves did not appeal his conviction or sentence, and a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 was dismissed as time-barred. *United States v. Reeves*, No. 01-CR-31-LEK (N.D.N.Y. 2001).

He now contends, however, that the trial court lacked the authority to convict him because FCI Ray Brook—the location of the assault—was not within the "special maritime and territorial jurisdiction" of the United States. R. 1-1 at 1–3. Reeves cites to *United States v. Hernandez–Fundora*, 896 F. Supp. 276 (N.D.N.Y. 1995) in support of his habeas petition. In *Hernandez-Fundora*, the court held that FCI Ray Brook was not within the "territorial jurisdiction" of the United States within the meaning of 18 U.S.C. § 7(3). *Id.* at 276. The court thus dismissed for lack of jurisdiction a prosecution under 18 U.S.C. § 113(a) for an assault within the "special maritime and territorial jurisdiction" of the United States. *Id.*

The Court must deny Reeves's petition for two reasons. First, his challenge to the trial court's subject matter jurisdiction to impose a sentence is one which could and must have been brought at trial, on direct appeal, or in a motion under § 2255. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003) (finding that a habeas corpus petition under 28 U.S.C. § 2241 is reserved for a challenge to the manner in which a sentence is executed, rather than to challenge the validity of the sentence itself). A habeas corpus petition pursuant to 28 U.S.C. § 2241 does not constitute an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

However, a petitioner can bring a habeas challenge under § 2241 if he establishes that the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). But because § 2255(e) applies to "claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under

2

section 2255[,]" *Hayes v. Holland*, 473 F. App'x 501, 501–02 (6th Cir. 2012), Reeves's jurisdictional attack is one which he must pursue under § 2255, not § 2241.

Second, it "plainly appears" from Reeves's petition that he is not entitled to relief. *See* Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. Reeves was convicted and sentenced under 18 U.S.C. § 111(a), which makes it a federal crime to assault a federal employee performing his or her official duties. This assault occurred in a federal facility in Ray Brook, New York, which is unquestionably within the United States for purposes of applying its criminal statutes. *See* 18 U.S.C. § 5 ("The term 'United States,' as used in this title in a territorial sense, includes all places and waters, continental or insular, subject to the jurisdiction of the United States, except the Canal Zone."). That FCI Ray Brook may or may not be within the "special maritime and territorial jurisdiction" of the United States is immaterial. Commission of the assault within the special territorial jurisdiction of the United States was not an element of the crime for which Reeves was prosecuted under 18 U.S.C. § 111(a). *See McFerren v. United States*, 989 F.2d 500 (6th Cir. 1993) (finding that even if the government could not prove that the crime occurred in the "special maritime and territorial jurisdiction of the United States," jurisdiction was proper because that condition was not an element of the offense); *see also Modena v. United States*, No. 1:12-cv-208, 2012 WL 1150819, at *2-3 (W.D. Mich. Apr. 5, 2012) (finding that a prisoner "properly convicted under a valid United States criminal statute for conduct that occurred within the United States" could not challenge his imprisonment on the grounds that the prison was not within the "special maritime and territorial jurisdiction" of the United States). It plainly appears that Reeves's jurisdictional challenge to his conviction lacks merit.

Accordingly, it is **ORDERED** that:

(1) Reeves's petition for a writ of habeas corpus, R. 1, is **DENIED**.

(2) The Court will enter a judgment contemporaneously with this order.

(3) This matter is **STRICKEN** from the Court's active docket.

This the 9th day of July, 2014.

Signed By:
*Amul R. Thapar* AT
United States District Judge